IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RICARDO BIEN-AIME,   CASE NO:
                     MAGISTRATE:
    Plaintiff,

v.

TSC SOUTHEAST, LLC,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, RICARDO BIEN-AIME (hereinafter "Plaintiff"), for himself and on behalf of similarly situated black individuals previously employed by Defendant, by and through the undersigned attorneys, and hereby sues Defendant, TSC SOUTHEAST, LLC, (Hereinafter "Defendant") and states:

## PARTIES AND JURISDICTION

1. The Defendant, TSC SOUTHEAST, LLC is a Florida corporation organized and existing by virtue of the laws of the State of Florida.

2. At all times material hereto, the Defendant has been engaged in an industry affecting commerce and has more than 100 hundred (100) or more employees for each regular working day in each of twenty (20) or more calendar weeks in the current and/or preceding calendar year.

3. The Defendant is subject to the jurisdiction and venue of this court.

4. The Plaintiff, RICARDO BIEN-AIME, a black male, is a citizen of the State of Florida, residing at 20440 N.W. 17th Avenue, Miami Gardens Florida 33056.

5. These actions arises under the provisions of Section 760 et seq, Fla. Stat (1995), 42 U.S.C., 2000e, et seq, otherwise known as Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C 1981. This court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C., 1331 (4) and 42 U.S.C. 2000e-5(f)(3).

6. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under the state law, in that the claims arise out of the same nucleus of operative facts and are such that they would ordinarily be expected to be tried in one judicial proceeding.

7. The unlawful employment practices of which Plaintiff alleges herein were committed within the territorial jurisdiction of the Southern District of Florida, pursuant to 28 U.S.C 1391(b) and 42 U.S.C 20003-5(f)(3).

8. As a direct and proximate result of Defendant's violation of existing law, as described herein below, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff is entitled to recovery of attorneys' fees and costs pursuant to Fl 760, 42 U.S.C. 2000e-5(k) and Federal Rule of Civil Procedure 54.

9. On or about May 22, 2019 Plaintiff timely filed a Charge of Discrimination with the EEOC, Florida Commission on Human Relations and applicable local EEO agency, and a Right to Sue was issued by the EEOC on December 13, 2019.

10. All conditions precedent to the initiation of this action, have occurred and/or have been satisfied and/or waived.

**GENERAL ALLEGATIONS**

11. Plaintiff, BIEN-AIME was first employed by the Defendant in June 2017 and remained continuously employed with Defendant until his constructive termination and demotion commencing on January 29, 2019. Specifically, on that date Plaintiff was placed on "Stand-By"

status, a perpetual state of unemployment utilized by Defendant to disporportinately, constructively terminate its black employees.

12. Throughout his employment Plaintiff was an above average employee, and prior to January 29, 2019 had received no formal disciplinary action ("write up") from the Defendant in connection with his office job duties and performance, or with regards to his performance as a laboror.

13. From approximately June 2017 Plaintiff was one of a number of similarly situated black individules employed as construction laborers for Defendant. In or about March or April of 2018 Plaintiff was transfered to an office position where he came under the supervision of Manager, Rodolfo Nestor (Hispanic), and where his job duties included the physical assignment of work to the companies' construction labor employees as directed by Nestor. Plaintiff was subjected to regular and pervasive discrimination based upon his race, including racially derogatory comments, and the ordering of Plaintiff to commit unlawful, racially discriminatory acts against his fellow black employees, as specified herein.

14. Specifically, Supervisor Rodolfo Nestor, demanded that Plaintiff collect and manufacture derogatory information against the company's only black supervisor, Andrew Thompson in attempt to bring about Mr. Thompsons termination based on race. Further, in connection with Plaintiff's job duties; to wit, the assignment of laborer's to certain construction projects, Nestor ordered Plaintiff to implement Defendant's discriminatory policy of assigning Hispanic workers to the jobs before black employees, thereby resulting in black workers, including plaintiff being placed on perpetual or extended periods of "Stand-By", which had the same effect as termination, and which dissuaded or prevented black employees from claiming unemployment compensation.

15. Plaintiff complained about the offensive and discriminatory conduct directed towards the company's black employees, including its scheme to constructively terminate through long term or perpetual "Stand- By", but nothing was done to correct the discriminatory conduct.

16. On January 29, 2019, and in response to his complaints, Plaintiff, like his fellow black co-workers was placed on "stand-by", after being advised that his job had been eliminated. However, immediately upon being placed on "Stand-By" Plaintiff became aware that the job which was purportedly eliminated was given to a Hispanic employee.

17. Since being placed on "stand-by" in January 2019, Defendant has never contacted Plaintiff to return to work in any capacity, thereby resulting in his constructive termination.

## COUNT I: VIOLATION OF TITLE VII
### (UNLAWFULL TERMINATION BASED UPON RACE)

18. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 17 and incorporates the same herein as though fully set forth.

19. Defendant engaged in a pattern of unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e, by constructively terminating Plaintiff's employment, and the employment of other similarly situated black employees because of their race, by placing them on long-term and/or perpetual "Stand-By", which Defendant knew was akin to termination, and which in most cases resulted in black employees not applying for unemployment compensation.

20. Specifically, Defendant, through its supervisory employee, Rodolfo Nestor (1) made racially derogatory comments to Plaintiff, and other black employees which were pervasive; (2) Ordered Plaintiff to collect and fabricate derogatory information about the company's only black managerial employee, which Plaintiff refused to do, and which designed to result in the termination of said black employee; (3) Ordered Plaintiff to implement

Defendant's discriminatory policy and scheme of assigning work to Hispanic employees, to the exclusion of similarly situated black employees with greater seniority, and (4) systematically discriminated against its black employees, including Plaintiff, by disproportionately placing them on "Stand-By" status, resulting in long periods of unemployment, and constructive termination.

21. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment.

22. Defendant's reasons for its actions concerning Plaintiff's constructive termination were pretextual and an attempt to conceal Plaintiff's racially motivated actions.

24. There is not a legitimate non-discriminatory business reason for Defendant's constructive termination of Plaintiff.

25. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

26. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff, and were further part of a scheme to discriminate against black employees. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for back pay and benefits due and payable, front pay and benefits, compensatory and punitive damages,

reasonable attorney's fees and cost incurred in this action and for such other relief as is just and proper under the circumstances.

## COUNT II: VIOLATION OF TITLE VII
### (HOSTILE WORK ENVIORMENT BASED UPON RACE)

27. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 17 and incorporates the same herein as though fully set forth.

29. Defendant engaged in a pattern of unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e, by subjecting Plaintiff to a hostile work environment based upon race.

30. Specifically, Defendant, through its supervisory employee, Rodolfo Nestor (1) made racially derogatory comments to Plaintiff, and other black employees which were pervasive; (2) Ordered Plaintiff to collect and fabricate derogatory information about the company's only black managerial employee, which Plaintiff refused to do, and which designed to result in the termination of said black employee; (3) Ordered Plaintiff to implement Defendant's discriminatory policy and scheme of assigning work to Hispanic employees, to the exclusion of similarly situated black employees with greater seniority, and (4) systematically discriminated against its black employees, including Plaintiff, by disproportionately placing them on "Stand-By" status, resulting in long periods of unemployment, and constructive termination.

31. Prior to his termination, Plaintiff complained about the unlawful and racially motivated treatment of himself and fellow black employees.

32. On or about January 29, 2019 Plaintiff was told his job was eliminated and was placed on "Stand-By" status, after which he was never called to return to work.

33. The hostile environment imposed upon Plaintiff was so severe and pervasive as to affect the terms, conditions, and privileges of Plaintiff's employment.

34. As a direct and proximate result of defendant's willful, knowing and intentional disparate treatment of Plaintiff suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for back pay and benefits due and payable, front pay and benefits, compensatory and punitive damages, reasonable attorney's fees and cost incurred in this action and for such other relief as is just and proper under the circumstances.

## COUNT III: VIOLATION OF 42 U.S.C. 1981
### (DISCHARGE BASED UPON RACE)

36. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 17 and incorporates the same herein as though fully set forth.

37. Defendant engaged in unlawful employment practices, in violation of the Civil Rights Act, 42 U.S.C. Section 1981, by discriminating against Plaintiff because of his race with regards to the terms, conditions and privileges of employment. Specifically, Defendant used race as the determining factor in discharging Plaintiff.

38. Specifically, Defendant, through its supervisory employee, Rodolfo Nestor (1) made racially derogatory comments to Plaintiff, and other black employees which were

pervasive; (2) Ordered Plaintiff to collect and fabricate derogatory information about the company's only black managerial employee, which Plaintiff refused to do, and which designed to result in the termination of said black employee; (3) Ordered Plaintiff to implement Defendant's discriminatory policy and scheme of assigning work to Hispanic employees, to the exclusion of similarly situated black employees with greater seniority, and (4) systematically discriminated against its black employees, including Plaintiff, by disproportionately placing them on "Stand-By" status, resulting in long periods of unemployment, and constructive termination.

39. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment.

40. Defendant's reasons for its actions concerning Plaintiff's constructive termination were pretextual and an attempt to conceal Plaintiff's racially motivated actions.

41. There is not a legitimate non-discriminatory business reason for Defendant's constructive termination of Plaintiff.

42. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

43. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

44. Specifically, Defendant, through its supervisory employee, Rodolfo Nestor, made racially derogatory comments to Plaintiff and others, ordered Plaintiff to collect and fabricate derogatory information about a fellow black employee, which plaintiff refused to do, assigned work assignments to Hispanic employees to the exclusion of similarly situated black employees with greater seniority, and systematically discriminated against its black employees, including Plaintiff, by disproportionately placing them on "Stand-By" status, resulting in long periods of unemployment, and in most cases constructive termination.

45. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment.

46. Defendant's reasons for its actions concerning Plaintiff's constructive termination were pretextual and an attempt to conceal Plaintiff's racially motivated actions.

47. There is not a legitimate non-discriminatory business reason for Defendant's constructive termination of Plaintiff.

48. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

50. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

51. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for back pay and benefits due and payable, front pay and benefits, compensatory and punitive damages, reasonable attorney's fees and cost incurred in this action and for such other relief as is just and proper under the circumstances.

### COUNT IV: VIOLATION OF 42 U.S.C. 1981
### (HOSTILE WORK ENVIORMENT BASED UPON RACE)

52. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 16 and incorporates the same herein as though fully set forth.

53. Defendant engaged in a pattern of unlawful employment practices, in violation of Title VII, 42 U.S.C. Section 1981, by subjecting Plaintiff to a hostile work environment based upon race.

54. Specifically, Defendant, through its supervisory employee, Rodolfo Nestor (1) made racially derogatory comments to Plaintiff, and other black employees which were pervasive; (2) Ordered Plaintiff to collect and fabricate derogatory information about the

company's only black managerial employee, which Plaintiff refused to do, and which designed to result in the termination of said black employee; (3) Ordered Plaintiff to implement Defendant's discriminatory policy and scheme of assigning work to Hispanic employees, to the exclusion of similarly situated black employees with greater seniority, and (4) systematically discriminated against its black employees, including Plaintiff, by disproportionately placing them on "Stand-By" status, resulting in long periods of unemployment, and constructive termination.

55. Prior to his termination, Plaintiff complained about the unlawful and racially motivated treatment of himself and fellow black employees.

56. On or about January 29, 2019 Plaintiff was told his job was eliminated and was placed on "Stand-By" status, after which he was never called to return to work.

57. The hostile environment imposed upon Plaintiff was so severe and pervasive as to affect the terms, conditions, and privileges of Plaintiff's employment.

58. As a direct and proximate result of defendant's willful, knowing and intentional disparate treatment of Plaintiff suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

59. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for back pay and benefits due and payable, front pay and benefits, compensatory and punitive damages, reasonable attorney's fees and cost incurred in this action and for such other relief as is just and proper under the circumstances.

**COUNT V: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED II 1991 42 U.S.C. 200E ET. SEQ.**

60. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if full set forth herein again at length.

61. Since at least May-June 2019, Defendant, employer engaged in unlawful employment practices in violation of Sections 703(e) and Section 704(a) of Title VII, 42 U.S.C. Section 2000-2 (a) and Section 2000e-3(a) in that, Plaintiff was subject to a hostile work environment, and treated in a disparate manner, based on her race, as set forth herein above.

62. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment or himself and other similarly situated black employees. Specifically, Plaintiff complained that he was ordered to collect and fabricated derogatory information about fellow black employee Andrew Thompson, and to assign job to Hispanics employees before assigning work to black employees, thereby placing the black employees on "Stand-by" which in most cases was akin to termination.

63. Since being placed on standby in January 2019, Plaintiff has not been called back to work in any capacity.

64. The effect of the conduct complained of within in paragraphs numbers sixty-two (62) and sixty-three (63), above, has been to deprive Plaintiff of equal employment opportunities, employment contract opportunities and otherwise adversely affect his status as an employee in retaliation for her opposition to unlawful employment practices.

65. The unlawful conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct in that Defendant, was made aware of Plaintiff's complaints of racial hostile work environment and disparate treatment based on race, failed to take any disciplinary or remedial action. Instead constructively terminated Plaintiff by placing him on perpetual standby because he complained of the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

66. Defendant's unlawful acts of discrimination and retaliation were intentional and done with malice or reckless indifference to Plaintiff's rights protected under Federal law.

67. As a direct and proximate result of Defendant's violation of existing law, as described herein, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff is entitled to recovery of attorney's fees and costs pursuant to 42 U.S.C. 2000e-5(K) and Federal Rule of Civil Procedure

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay, front pay, compensatory damages, lost benefits, emotional distress, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief, and any such relief that Plaintiff may be entitled to under the law or in equity.

## COUNT VI: RETALIATION IN VIOLATION OF TITLE 42 U.S.C. 1981 ET. SEQ.

68. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if full set forth herein again at length.

69. Since at least March 2102, Defendant, employer engaged in unlawful employment practices in violation of 42 U.S.C. Section 1981 in that, Plaintiff was subject to retaliation for opposing unlawful employment practices based upon race.

70. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment or himself and other similarly situated black employees. Specifically, Plaintiff complained that he was ordered to collect and fabricated derogatory information about fellow black employee Andrew Thompson, and to assign job to Hispanics employees before assigning work to black employees, thereby placing the black employees on "Stand-by" which in most cases was akin to termination.

71. Since being placed on standby in January 2019, Plaintiff has not been called back to work in any capacity.

72. The effect of the conduct complained of within in paragraphs numbers seventy (70) and seventy-one (71), above, has been to deprive Plaintiff of equal employment opportunities, employment contract opportunities and otherwise adversely affect his status as an employee in retaliation for her opposition to unlawful employment practices.

73. The unlawful conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct in that Defendant, was made aware of Plaintiff's complaints of racial hostile work environment and disparate treatment based on race, failed to take any disciplinary or remedial action. Instead constructively terminated Plaintiff by placing him on perpetual 'Stand-By" status, because he complained of the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

74. Defendant's unlawful acts of discrimination and retaliation were intentional and done with malice or reckless indifference to Plaintiff's rights protected under Federal law.

75. As a direct and proximate result of Defendant's violation of existing law, as described herein, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff is entitled to recovery of attorney's fees and costs pursuant to 42 U.S.C. 1981 and Federal Rule of Civil Procedure 54.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay, front pay, compensatory damages, lost benefits, emotional distress, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief, and any such relief that Plaintiff may be entitled to under the law or in equity.

## COUNT VII: VIOLATION THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.
**(DISCHARGE BASED UPON RACE)**

76. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 18 and incorporates the same herein as though fully set forth.

77. Defendant engaged in unlawful employment practices, in violation of the Florida Civil Rights Act, by discriminating against Plaintiff because of her ethnicity and national origin with regards to the terms, conditions and privileges of employment. Specifically, Defendant used race as the determining factor in discharging Plaintiff.

78. Specifically, Defendant, through its supervisory employee, Rodolfo Nestor (1) made racially derogatory comments to Plaintiff, and other black employees which were pervasive; (2) Ordered Plaintiff to collect and fabricate derogatory information about the company's only black managerial employee, which Plaintiff refused to do, and which designed to result in the termination of said black employee; (3) Ordered Plaintiff to implement Defendant's discriminatory policy and scheme of assigning work to Hispanic employees, to the

exclusion of similarly situated black employees with greater seniority, and (4) systematically discriminated against its black employees, including Plaintiff, by disproportionately placing them on "Stand-By" status, resulting in long periods of unemployment, and constructive termination.

79. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment.

80. Defendant's reasons for its actions concerning Plaintiff's constructive termination were pretextual and an attempt to conceal Plaintiff's racially motivated actions.

81. There is not a legitimate non-discriminatory business reason for Defendant's constructive termination of Plaintiff.

82. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, Plaintiff, and other similarily situated black employees, have suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish, embarrassment, inconvenience and loss of enjoyment of life. Plaintiff, and other similarly situated black employees are thereby entitled to general and compensatory damages in amounts to be proven at trial.

26. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

83. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered a loss of earning and other employment benefits and job opportunities as well as emotional pain and suffering, mental anguish,

embarrassment, inconvenience and loss of enjoyment of life. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

84. The outrageous conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for back pay and benefits due and payable, front pay and benefits, compensatory and punitive damages, reasonable attorney's fees and cost incurred in this action and for such other relief as is just and proper under the circumstances.

### COUNT VIII: RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ

85. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 17 and incorporates the same herein as though fully set forth.

86. Defendant engaged in unlawful employment practices, in violation of the Florida Civil Rights Act, by retaliating against Plaintiff for lawfully complaining about racial discrimination and advising her employer that she was seeking EEOC intervention.

87. Prior to his constructive termination, Plaintiff complained about the unlawful and racially motivated treatment or himself and other similarly situated black employees. Specifically, Plaintiff complained that he was ordered to collect and fabricated derogatory information about fellow black employee Andrew Thompson, and to assign job to Hispanics

employees before assigning work to black employees, thereby placing the black employees on "Stand-by" which in most cases was akin to termination.

88. Since being placed on standby in January 2019, Plaintiff has not been called back to work in any capacity.

89. The effect of the conduct complained of within in paragraphs numbers sixty-two (62) and sixty-three (63), above, has been to deprive Plaintiff of equal employment opportunities, employment contract opportunities and otherwise adversely affect his status as an employee in retaliation for her opposition to unlawful employment practices.

90. The unlawful conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct in that Defendant, was made aware of Plaintiff's complaints of racial hostile work environment and disparate treatment based on race, failed to take any disciplinary or remedial action. Instead constructively terminated Plaintiff by placing him on perpetual 'Stand-By" status, because he complained of the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

91. Defendant's unlawful acts of discrimination and retaliation were intentional and done with malice or reckless indifference to Plaintiff's rights protected under Federal law.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for back pay and benefits due and payable, front pay and benefits, compensatory and punitive damages, reasonable attorney's fees and cost incurred in this action and for such other relief as is just and proper under the circumstances.

Dated this 4th day of March, 2020.

Respectfully Submitted,
THE ROUSSO BOUMEL LAW FIRM
9350 South Dixie Highway
Suite # 1520
Miami, Florida 33156
Telf: (305) 670-6669
Fax: (305) 670-6663
roussolaw@aol.com

By: **/s/ *Darren J. Rousso, Esq.***
DARREN J. ROUSSO, ESQ.
Florida Bar #0097410

.